**FALATEA POROTESANO LEATAPO SALANOA, Appellant**

v.

**AUMOEUALOGO SOLI, Appellee**

High Court of American Samoa
Appellate Division

AP No. 04-98
MT No. 08-96

November 9, 1998

Before KRUSE, Chief Justice.

Counsel: For Appellant, Katopau T. Ainu'u
For Appellee, Aumoeualogo Soli appearing *pro se*

ORDER DENYING APPELLANT'S MOTION FOR
RECONSIDERATION OF ORDER DENYING MOTION TO
STAY EXECUTION OF JUDGMENT PENDING APPEAL

Appellant Falatea Porotesano Leatapo Salanoa, unsuccessful claimant in Matai Titles Case No. 08-96, now comes before the Appellate Division seeking reconsideration of its October 28, 1998, Order Denying Motion to Stay Execution of Judgment Pending Appeal.

### Discussion

A. Alleged Procedural Infirmities of Appellant's Appeal

In its previous order denying appellant's motion to stay, the Court noted appellant's alleged failure to timely file his opening appellate brief in this matter. Order Denying Motion to Stay Execution of Judgment Pending Appeal, AP No. 04-98, slip op. at 2 (App. Div. October 28, 1998). Appellant claimed, in the instant motion, that such brief had in fact been timely filed on September 17, 1998, and purported to attach the brief as Exhibit "A". Motion for Reconsideration of Order Denying Motion to Stay Execution of Judgment Pending Appeal, at 1. Although appellant appears to have inadvertently attached the Court's own order as Exhibit "A", rather than his brief, a copy of appellant's brief has since been located in the Clerk's office, timely filed as appellant claims, but unfortunately placed elsewhere by the Clerk and not within the file given to the Court at the time of this motion.

Notwithstanding, appellant's motion for reconsideration must be denied. Appellant seriously misreads the Court's order, though, in asserting that "appellant's alleged failure to [timely] file his Opening Brief . . . was a major factor in the court's decision to deny appellant's Motion." Motion to Reconsider, *supra*, at 1. Indeed, we did note that the alleged failure to perfect his appeal would "weigh heavily against

53

him." Order Denying Motion, *supra*, at 2. That statement, however, should properly be read only to suggest that, in the event of a finding which would otherwise have been in appellant's favor, his alleged procedural deficiencies might nevertheless have dictated a ruling against him on the motion to stay. As it turned out in this decision, however, the substantive analysis on its own actually resulted in a ruling against appellant, procedural issues aside.[1] Obviously, a *lack* of procedural infirmity, or mere compliance with the Court's rules, should not logically be used to overcome a substantive ruling against a party.

## B. Review of Substantive Analysis

In the second prong of his motion for reconsideration, appellant vaguely challenges the Court's findings without citing any new legal or factual contentions. As we noted in our prior order, the Court looks at four factors in making its determination whether to grant a stay of execution pending appeal:

> (1) likelihood that the appellant would prevail in the appeal;
> (2) irreparable harm to the appellant if a stay is not granted;
> (3) irreparable harm to appellees if a stay is granted; and
> (4) whether the public interest would be affected by a stay.

*Asifoa v. Lualemana*, 17 A.S.R.2d. 100, 102 (App. Div. 1990); 7 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 62.05 (2d ed. 1996). As necessary, we briefly address appellant's arguments on each of these factors below.

### 1. Likelihood that appellant would prevail in the appeal

Appellant seems to believe that, having now been afforded an opportunity to review his opening brief, the Court must now find in his favor on this factor. We do not. Appellant still bases his appeal primarily on the discovery of "new evidence" which was nevertheless readily available prior to trial and which may or may not ultimately be deemed to be material to the outcome of this case. While appellant succeeds in at least making a colorable argument in his brief, we continue to evaluate, for purposes of this motion to stay, his chances of prevailing on appeal as extremely slight.

---

[1] That analysis, set forth at pages 2-6 of the Court's order, stands as independent and adequate grounds supporting the decision therein. Order Denying Motion, *supra*.

## 2. Irreparable harm to the appellant if a stay is not granted

Appellant did not challenge the Court's finding that any harm resulting from denying a stay would not be "irreparable" in this case, due to appellant's remaining recourse in the courts for any subsequent wrongful action on the part of appellee.

## 3. Irreparable harm to appellees if a stay is granted

In its order, the Court identified the delay in installation of appellee as *matai* as prospective harm suffered by appellee in the event that a stay of execution was granted. Appellant failed to raise this issue in the instant motion.

## 4. Whether the public interest would be affected by a stay

Appellant asserts in his motion that he is not using this appeal as a "delay tactic." Motion for Reconsideration, *supra*, at 2. This Court has never suggested, however, that appellant in this particular case had anything but honorable motives for filing his motion to stay. In its discussion of the final factor regarding the public interest, the Court simply articulated a countervailing concern that the broad application of a rigid rule calling for stays to be granted in virtually all *matai* cases could encourage future abuse of the system. That concern remains, and appellant's protests about his own reasons for seeking a stay are irrelevant to this ongoing policy consideration.

## Conclusions and Order

Although the alleged procedural infirmities of appellant's appeal do not exist, we hold that the substantive analysis of the four *Asifoa* factors remains largely unchanged and weighs against granting a stay.

For the foregoing reasons, Appellant's Motion for Reconsideration of Order Denying Motion to Stay Execution of Judgment Pending Appeal is denied.

It is so ordered.